IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY GARRETT, # N-20411, ) <br> a/k/a JOHNNIE GARRETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ATTORNEY GENERAL, ) <br> PEOPLE of the STATE of ILLINOIS, ) <br> and WARDEN, ) <br> ) <br> Defendants. ) | Case No. 13-cv-1196-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a 25-year sentence for aggravated arson. Plaintiff originally filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 4, 2013, in the Middle District of Florida, under Case No. 13-cv-1716. Upon examination of the complaint, the Florida court transferred the matter to this Court on November 18, 2013 (Doc. 3).

Shortly before filing the instant matter in Florida, Plaintiff filed three other actions in this Court, between October 18 and 24, 2013. Two of these were habeas corpus actions which have been dismissed (*Garrett v. Warden, et al.*, Case No. 13-cv-1082-DRH, dismissed Nov. 12, 2013), and (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1103-DRH, dismissed Nov. 20, 2013). The third was a civil rights complaint, *McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1087-MJR, filed on October 21, 2013. The complaint in that case consisted of disjointed, vague, and general allegations of mistreatment, but failed to indicate what harms (if any) Plaintiff himself had suffered, nor did it identify any Defendant who was personally

involved in any unconstitutional actions. Plaintiff's complaint in Case No. 13-1087 was dismissed, and he was granted leave to submit an amended complaint by January 6, 2014 (Doc. 8 in Case No. 13-1087, docketed Dec. 2, 2013).

**The Complaint**

Plaintiff's complaint in the instant action consists of ten handwritten pages. In his caption, Plaintiff lists both "District of Florida Orlando" and "Southern District of Illinois," although he submitted the document to the Florida court (Doc. 1, p. 1). On the second page, Plaintiff includes a caption of "United States of America, Johnnie Garrett, Plaintiffs, versus United States President, White House Barack Obama" (Doc. 1, p. 2). He continues:

> Send – Money order to JPay Box 260250 Hollywood FL, 33026)
> Complaints, Grievances, and lawsuits, 1988 to 2014
> Common law Review of lawsuits
> Lawyer's, 1 percent has been found guilty of crime or unethical conduct, out of 286,000 lawyer's [sic]
> Disputes between private person and Government
> There is remedy, never a wrong without a remedy, prosecutes, Another for the enforcement or protection, of a right or the prevention of a wrong
> Actions, suits, and special proceedings
> (common law forms of action) form of equity action)
> Commencement of actions,
> Statutes of limitations,
> Pleadings Complaints, or Declaration . . .

(Doc. 1, p. 2). The remainder of this page and part of the next consists of similar disjointed legal phrases, listed in sequence, none of which amount to a complete sentence or describe an understandable claim for relief.

On the third page, Plaintiff begins a list of 108 numbered legal claims or cases, which appears to be identical to a list he filed in the civil rights case still pending in this Court (Case No. 13-cv-1087-MJR, Doc. 1 pp. 11-17).[1] The first item listed is "1. Age Discrimination in

---

[1] Plaintiff also incorporated all or part of this list of 108 items in the two habeas cases filed in this Court: Case No. 13-cv-1082-DRH (Doc. 1, pp. 4, 6, 8, 10, 12), and Case No. 13-cv-1103-DRH (Doc. 1, pp. 3-5).

Employment Political Cases." The list continues for four more pages, ending with "108. Gifts Fund on Deposit to Bank Account Cases (Florida) (Order of Transfer) (Orlando)" (Doc. 1, pp. 4-7). The items on this list include housing discrimination (#3), police misconduct (#5), "asserting claims of unconstitutional prison condition cases" (#6), sex discrimination/sexual stereotyping (#9), child custody litigation (#25), age discrimination in employment (#34), workers compensation (#37), and "loss of prospective inheritance cases" (#80), to name a few. *Id*.

On page eight, Plaintiff appears to have copied part of an order from a previous matter transferring another case to the Southern District of Illinois (Doc. 1, p. 8). He then continues, "It is now order[ed] and adjudged May Barack Obama, can answer the Complaints, these 108 complaints, answer one-by-one, separate for $500.00 each complaints, denying why related claims should be deny by the State's [sic] of Illinois, in 6 month or default, you have 6 month to answer the complaints . . . ." *Id*.

The final two pages appear to be a letter to the court, stating in part, "First they must pay me for all the mistreatment in the name Johnny, then I will use my real name Johnnie . . . ." (Doc. 1, p. 9). He then asks for:

> 1. Time cut and small lawsuits
> 2. No-time cut and Big lawsuits,
> 3. Or throw out all cases that they have against me out [sic], that on the Internet, and don't bring them Back up again, the president have until 11-29-13, to Answer, then I will move for a Default Judgment, with or without the State of Illinois help!

(Doc. 1, pp. 9-10). Plaintiff included a nearly identical request in the civil rights complaint he filed earlier in this Court (S.D. Ill. Case No. 13-cv-1087-MJR).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Throughout the complaint, Plaintiff fails to allege any facts or state any claims related to the named Defendants. Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims in order to put these defendants on notice of the claims brought against them so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. 544, 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate his claims. *Id*. (emphasis added). The requirement of Rule 8(a)(2) that a plaintiff provide a "short and plain statement" also requires that the complaint be intelligible. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

After fully considering Plaintiff's complaint in its entirety, as well as Plaintiff's litigation history, the Court concludes that this action is frivolous and malicious, and shall be summarily dismissed with prejudice.

Unlike Plaintiff's complaint in Case No. 13-1087-MJR (the civil rights case in which he was granted leave to file an amended pleading), Plaintiff here fails to include any factual allegations whatsoever. The entire document consists of strings of legal terms, examples of various types of cases or claims, and run-on sentences. Nothing in the complaint relates to any conditions of Plaintiff's current incarceration or describes any action by a prison official (or any other person) which might have violated Plaintiff's constitutional rights. Although he refers in his attached letter to "mistreatment in the name Johnny," there is no coherent explanation of what mistreatment Plaintiff may be referring to, or who might be responsible. The only marginally intelligible portion of the pleading is the section where he demands that President Obama answer each of his 108 complaints – which themselves fail to state any comprehensible claim. The complaint as it stands is incoherent and fails to state any basis upon which relief may

be granted – in other words, it is frivolous. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013) (filings that are incoherent or lack a legal basis are frivolous).

If this were the only lawsuit Plaintiff had filed, it might be appropriate to dismiss the complaint and allow him leave to re-plead. However, this has already been done in Case No. 13-1087-MJR, and the instant complaint is even less intelligible and devoid of facts than the complaint in 13-1087. Furthermore, an examination of Plaintiff's recent litigation history found on the PACER website reveals that earlier in 2013 he has filed at least five other actions substantially similar to the instant case.[2]

In May 2013, in the Northern District of Illinois, he filed *Garrett v. State of Illinois Attorney General*, Case No. 13-C-4199. The court dismissed his complaint and first amended complaint for failure to state a claim upon which relief may be granted, and allowed Plaintiff 30 days to submit an amended complaint that states a valid claim and to satisfy his filing fee obligations (N.D. Ill. Case No. 13-C-4199, Doc. 4). It appears that Plaintiff submitted a second amended complaint, but it too failed to state a cognizable claim (N.D. Ill. Case No. 13-C-4199, Doc. 6). The action was dismissed with prejudice for failure to comply with the court's earlier order. *Id*. The dismissal order included no language to indicate whether the dismissal would count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

The Seventh Circuit has observed that when a plaintiff "is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff." *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011). Although in the opinion of this

---

[2] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Court, the Northern District could have assessed Plaintiff a strike in Case No. 13-C-4199 under the above directive in *Paul*, the undersigned judge does not have authority to construe the dismissal in that manner when the Northern District's order did not inform Plaintiff that it would count as a strike. *Paul*, 658 F.3d at 705-06.

Next, Plaintiff filed two actions in the Central District of California: *Garrett v. Unknown*, Case No. CV13-4468 (submitted for filing on June 20, 2013), and *Garrett v. State of Illinois Attorney General, et al.*, Case No. CV13-4971 (submitted for filing on July 11, 2013). In the first of those cases, Plaintiff was denied permission to file his complaint without full prepayment of the filing fee both because he failed to make a showing of indigency, submit a trust fund statement, or authorize payment of the fee; and because the complaint was "frivolous, malicious or fails to state a claim upon which relief may be granted [under] 28 U.S.C. § 1915(g)" (Doc. 2 in Case No. CV13-4468, docketed July 9, 2013).[3] In the second case, the court again denied Plaintiff permission to file his complaint without pre-payment of the full fee (Doc. 2 in Case No. CV13-4971). This time, not only did the court again make the same finding that the complaint was frivolous, malicious, or failed to state a claim, but it also checked the box stating, "This denial may count as a strike under the 'Three Strikes' provision governing the filing of prisoner suits." *Id*.

In the first California case, the checked language provides grounds to count that case as a "strike." However, the court did not check the box that would have designated the dismissal as a strike. The fact that the "strike" box *was* checked in the second case suggests that the first case was not intended to be considered as a strike. Therefore, in light of *Paul v. Marberry*, this Court

---

[3] The California court used a pre-printed form where one or more of several boxes could be checked to state the reason(s) for the magistrate judge's recommendation that permission to file as an indigent should be denied.

shall give Plaintiff the benefit of the doubt and count only the second California case, No. CV13-4971, as a strike, Plaintiff's first.

Plaintiff then turned his attention to the Middle District of Florida, where he filed two actions in addition to the case at bar. On September 12, 2013, he filed *Garrett v. State of Illinois, et al.*, Case No. 13-cv-1420. The electronic docket of the Florida court indicates that this action was transferred to the Southern District of Illinois. However, in the course of reviewing the instant matter, it has come to light that this Court never received the electronic transmission of the case, nor was it docketed here. In any event, the complaint in that matter is substantially similar to the instant complaint and Plaintiff's other recent filings, and states no intelligible claim. His next Florida filing was the instant case. Finally, on November 29, 2013, he filed *Garrett v. McClain*, Case No. 13-cv-1862.[4] Plaintiff's pleading in that matter contained some of the same material found in the instant complaint. That case was dismissed without prejudice on December 3, 2013, because it was vague, conclusory, and incomplete (Doc. 2 in No. 13-cv-1862). The court did not assess a strike against Plaintiff.

To summarize, Plaintiff has filed six meritless actions (the instant case included) in three different courts, within the space of five months. Plaintiff's other pending civil rights case in this Court (Case No. 13-cv-1087) may add a seventh case to this list, if Plaintiff fails to timely file an amended complaint that states a cognizable claim. Further, neither Plaintiff nor his claims (to the extent they can be understood) have any discernible connection to the courts in Florida or California. Standing alone, the instant complaint is frivolous. Viewed in the context of Plaintiff's litigation history as outlined herein, it is also part of a pattern of repeated and

---

[4] The Defendant in the most recent Florida action, China Anne McClain, is an actress/singer who was named as a co-Plaintiff in two of the actions filed by Plaintiff in this Court, and whose name appears in various places in most of Plaintiff's 2013 pleadings. See http://chinaanne.net/ (last visited Dec. 13, 2013).

redundant filings, which have failed to advance any cognizable claim and have consumed the valuable resources of three federal district courts. This history leads this Court to conclude that the complaint is malicious as well. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (court may infer malice if prisoner's conduct indicates that he "intended to harass" by repeatedly filing unintelligible complaints) (citing *Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003).

For these reasons, this action shall be dismissed with prejudice, and a strike shall be assessed (Plaintiff's second).

**Filing Fee**

When Plaintiff filed this action, he neither paid the filing fee nor sought leave to proceed *in forma pauperis* ("IFP"). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable notwithstanding the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff desires to seek pauper status, he must file a motion for leave to proceed IFP. If he files a motion and it is granted, he shall be required to pay a filing fee of $350.00 for this action, which shall be collected from his prison trust account in installments pursuant to the formula in 28 U.S.C. § 1915(b). If Plaintiff fails to file a motion for leave to proceed IFP as directed below, or if his motion is denied, his filing fee shall be $400.00,[5] payable in the same manner.

---

[5] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff shall file a motion for leave to proceed IFP within 35 days of the date of this order **(on or before January 21, 2014).** Plaintiff is **FURTHER ORDERED** to submit, within the same deadline, the enclosed certification completed by the Trust Fund Officer at Pinckneyville Correctional Center, and a copy of his trust fund account statement (or institutional equivalent) for the period from May 4, 2013, through November 4, 2013.

The Clerk is **DIRECTED** to mail Plaintiff a blank form motion for leave to proceed IFP and the certification form. The Clerk is **FURTHER DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at Pinckneyville Correctional Center.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** as frivolous and malicious.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 17, 2013**

*s/ J. Phil Gilbert*
United States District Judge
